**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**CASE NO. 8:26-cv-2732**

CHRISTIAN LUGO,

Plaintiff,

v.

SOUTHWOOD FINANCIAL, LLC,

Defendant.
_________________________________/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant filed a state court action against Plaintiff in this District.

**PARTIES**

3. Plaintiff, CHRISTIAN LUGO, ("Lugo"), is a natural person and citizen of the State of Florida, residing in Pasco County, Florida.

4. Defendant, SOUTHWOOD FINANCIAL, LLC ("Southwood"), is a corporation organized under the laws of the State of Delaware. Its principal place of business is at 45610 Woodlands Rd., Suite 440, Sterling, VA 20166.

5. Defendant, Southwood, is registered with the Florida Department of State, Division of Corporations as a limited liability company. Its registered agent for service of process is CT Corporation System, 1200 S. Pine Island Rd., Plantation, FL 33324.

6. Defendant regularly uses the mail and telephone in business the principal purpose of which is the collection of debts.

7. Defendant is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8. Defendant, Southwood, acts as the master servicer and trust manager of Southwood Financial Trust I.

9. Southwood Financial Trust I, filed suit against Plaintiff in Hillsborough County, Florida.

10. Defendant regularly uses the mail and telephone to collect consumer debts.

11. Defendant's primary purpose is the collection of debts.

12. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

13. Defendant sought to collect from Lugo an alleged debt arising from an alleged defaulted student loan, which Plaintiff used for his own personal, family and household purposes ("the debt").

14. Lugo's alleged debt went into default.

15. On October 8, 2025, Southwood Financial Trust I filed suit against Lugo in state court in Hillsborough County, Florida

16. Southwood retained Pollack & Rosen, P.A. to file suit against Lugo.

17. The debt was a student loan for a school in Arizona, where Lugo resided at the time. A copy of the state court Complaint is attached as Exhibit "A."

18. At the time of the loan, Lugo resided in Arizona.

19. At the time that the state court action was filed on October 8, 2025, Lugo resided in Pasco County, Florida.

20. Defendant caused a summons to be issued for an address in Hillsborough County, Florida. A copy of the summons is attached as Exhibit "B."

21. Plaintiff believes that Defendant caused a lawsuit to be filed in an inconvenient and impermissible county as a ploy to cause Plaintiff undue hardship by forcing Plaintiff to travel to another county and thereby coerce Plaintiff into satisfying a disputed debt.

22. Plaintiff has incurred expenses in legal fees to defend the state court action.

## COUNT I
## LITIGATION IN AN IMPERMISSIBLE COUNTY IN VIOLATION OF 15 U.S.C §1692i(2)

23. Plaintiff incorporates Paragraphs 1 through 22.

24. Defendant, Southwood, violated the Fair Debt Collection Practices Act (FDCPA) by filing a state court action in a county in which Plaintiff neither resided in nor signed an agreement upon which the alleged date is based. As such, Defendant has violated 15 U.S.C. §1692i(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, Southwood, for:

a. Declaratory judgment that Defendant's conduct violated the FDCPA;

b. Actual damages, including attorney's fees incurred during the state court action;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

e. Such other and further relief as the Court deems just and proper.

## COUNT II – FALSE STATEMENT TO A TRIBUNAL

25. Plaintiff incorporates Paragraphs 1 through 22.

26. Defendant falsely stated that Lugo was a resident of Hillsborough County, Florida. *See* Exhibit “A.”

27. Defendant falsely stated that “th[at] [Lugo] is a resident of [Hillsborough] County.” *See* Exhibit “A

28. Defendant made the representation in violation of 15 U.S.C. §1692e and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Statutory and actual damages;

b. Attorney’s fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

*/s/Joel D. Lucoff*
Joel D. Lucoff, Esq.
Fla. Bar No. 192163
Debt Shield Law
3440 Hollywood Blvd., Suite 415
Hollywood, FL 33021
Phone: (305) 776-1805
Fax: 305-503-5347
service@debtshieldlaw.com
joel@debtshieldlaw.com